IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 24, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KARLA M.,**
**Appellant Below, Petitioner**

**v.) No. 24-ICA-354**        (Bd. of Review No. 24-BOR-2660)

**WEST VIRGINIA DEPARTMENT OF**
**HUMAN SERVICES BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Karla M.[1] appeals the July 26, 2024, dismissal order of the West Virginia Office of Inspector General Board of Review ("Board of Review"). Respondent West Virginia Department of Human Services Bureau for Social Services ("Department") filed its response.[2] No reply was filed. The issue on appeal is whether the Board of Review erred in dismissing Karla M.'s administrative appeal without granting her a hearing.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the Board of Review's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board of Review's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

At the outset, we note that the administrative record in this matter is exceedingly sparse, so much of the factual recitation is taken from Karla M.'s brief. She alleges that in 2019, she filed a "Request for Hearing" seeking to have a 1999 Child Protective Services' ("CPS") substantiation of maltreatment removed from her administrative record. She states that the request was prompted by CPS refusing her temporary placement of her grandchildren when their parents' home was deemed unsafe. Karla M. claims that the

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

[2] Karla M. is self-represented. The Department is represented by Angela Marie Alexander, Esq.

parents quickly remedied their home, and the children were returned to them, so she did not pursue the request for the hearing.

However, due to her failure to appear for the hearing, an "Order of Abandonment" was entered on April 29, 2019. The order states that Karla M. failed to appear for the administrative hearing on April 10, 2019, and goes on to say,

> Notice was sent advising of the opportunity to have the hearing rescheduled if the Appellant replied in writing within 10 days and established good cause for the failure to appear. There having been no response from the Appellant, it is hereby ORDERED that the February 21, 2019 request for hearing is ABANDONED.

Karla M. alleges that on June 20, 2024, CPS placed two of her grandchildren in her physical custody under a temporary protection plan and emergency custody order while neglect proceedings were underway against the children's parents. She claims that CPS was aware of the 1999 substantiation when they placed the children with her and when, shortly thereafter, she completed a home study application. She alleges that CPS advised her to submit a request for a variance with the home study application and to seek administrative removal of the substantiation from her record in order to keep her grandchildren. She claims that CPS changed its position on July 10, 2024, when CPS removed the grandchildren from her custody and claimed her home was not a stable environment because her then-husband filed for divorce. After that point, she claims CPS told her they could not consider her for future placement until the maltreatment substantiation was removed from her record.

Accordingly, Karla M. submitted a new hearing request on July 11, 2024, again seeking the removal of the 1999 CPS substantiation from her administrative record. On the hearing request form, she explained the reason for her request by stating, "[m]y grandchildren have been placed with me by CPS, this occurred in 1999, and it was an uneducated mistake I never repeated." On Part II of the form, which indicates it is to be completed by department district/regional staff, Department Representative Felicia Ketterman wrote that the investigation occurred in Morgan County, the Intake Number was 10059295, and the type and date of findings were "Abuse – hitting instrument – 12/3/2009."[3] Ms. Ketterman checked the box for "Copy unavailable" next to "Notice of Findings Issued" and checked the box for "No" in response to whether the finding was adjudicated or pending in a court of law. The form was marked "Request of Reversal Denied" by Ms. Ketterman, and the date of reconsideration was listed as July 23, 2024.

---

[3] Karla M. asserts that the date written by Ms. Ketterman is 12/3/2009, though it may be 12/3/2004. Because the date is hand-written, it is plausibly susceptible to either interpretation.

2

Part III of the form, to be completed by the Board of Review, indicates the action was "dismissed" and states that the decision was completed and sent by certified mail on July 26, 2024. The attached "Dismissal Order," signed by the Board of Review's Administrative Law Judge, states that the Department received a request for removal of CPS maltreatment findings, reviewed the findings, and denied reversal. The request was then sent to the Board of Review. The "Dismissal Order" goes on to state,

> Matters raised by the Appellant regarding intake number 10059295 were previously adjudicated by the Board of Review on April 29, 2019, as abandoned (attached). In consideration of the fact that this matter has previously been ruled on by the Board of Review, the July 12, 2024 hearing request is DISMISSED.

It is from this order that Karla M. now appeals. This appeal is governed by the following standard of review:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2023) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5).

Karla M. argues that the Board of Review erred in dismissing her claim without a hearing and a final adjudication on the merits, citing only the prior order that dismissed her hearing request due to abandonment. She argues that the prior order did not dismiss her claim, it only dismissed her hearing request; the prior order was not entered with prejudice; and she was not notified that it constituted a final order that would result in her inability to request another hearing or an adjudication on the merits. Accordingly, she claims that the Board of Review's dismissal for "abandonment" violates her due process rights and right to a full and fair opportunity to be heard. *See* W. Va. Code § 16B-2-2(a) ("The Board of

3

Review shall provide a fair, impartial, and expeditious grievance and appeal process . . . to all parties of contested cases arising under § 29A-5-1 et seq.") She asserts further that she never received notice of the alleged 2009 substantiation of maltreatment, in violation of West Virginia Code § 49-4-601b(a) (2023), which requires, "when the department substantiates an allegation of abuse . . ., but there is no judicial finding of abuse . . ., the department shall provide written notice of the substantiation . . ." Finally, Karla M. argues that pursuant to West Virginia Code § 49-4-601b(d)(1) (2023), the substantiation of maltreatment in her record should have been sealed, and any inquiry of the Department about her having a record of child abuse and/or neglect for purposes of possible employment, including as a foster parent or kinship care provider, must be answered in the negative.

In response, the Department argues that Karla M. failed to appear for her first requested hearing and failed to respond to the abandonment letter that gave her ten days to establish good cause for her failure to appear, stating that if she had responded, the hearing would have been rescheduled in 2019. In its brief, the Department relies on its *Common Chapters Manual*, § 730.19 for its authority to dismiss a hearing based on the prior abandonment of a matter. However, the provisions of the *Common Chapters Manual* § 730.19 are facially inapplicable to hearings involving CPS. As the title states, "730 Subpart C – Fair Hearings for Bureau for Child Support Enforcement" pertains to child support hearings, not CPS hearings.[4]

Conversely, *Common Chapters Manual* § 720.10, found under "Subpart C – Administrative Hearings Pertaining to Social Services Provided by the Department of Human Services," clearly states that hearings involving CPS "are subject to the Administrative Procedures Act" found in West Virginia Code § 29A-5-1, *et seq*. Notably, we can find no provisions in the Administrative Procedures Act or any of its corresponding rules[5] providing that a request for a hearing can be considered "abandoned" such that a future request for a hearing should be dismissed with prejudice.

---

[4] Moreover, *Common Chapters Manual* § 730.10 "General" states:

Scope – This procedural rule is intended to set forth the procedures for fair hearings concerning the Bureau for Child Support Enforcement held within the Office of Inspector General by the Board of Review. Pursuant to § 29A-1-3(c) of the West Virginia Code, these hearings are exempt from the State Administrative Procedures Act.

[5] *See* West Virginia Code of State Rules §§ 69-1-1 to -10 (2015) (setting forth rules for hearings held under the Administrative Procedures Act); *see also* West Virginia Code of State Rules § 78-27-6 (2024) (setting forth procedure for grieving a maltreatment substantiation).

Upon review, we also find that the Board of Review's order does not contain the required findings of fact and conclusions of law pursuant to West Virginia Code § 29A-5-3.[6] While the order states the factual rationale that Karla M. previously requested a hearing but did not appear, there is no legal support for the conclusion that the prior "abandonment" justifies dismissal of the current request.

There is also some ambiguity regarding whether there are multiple substantiations in Karla M.'s history, which we cannot resolve with the scant record before us. Karla M.'s hearing request form states she is seeking to have a 1999 finding removed, but the CPS inspector lists a file number for a 2009 (or possibly 2004) substantiation on Part II of the form. The order does not mention this discrepancy, and Karla M. denies receiving notice of any 2009 substantiation. Notably, the Department's Representative, Ms. Ketterman, marked the request form "Copy unavailable" when asked if a notice of findings was issued, a detail that may support Karla M.'s assertion that notice was not provided.[7]

In light of the foregoing, we find error in the Board of Review's order and deem it necessary to reverse the dismissal of Karla M.'s request for an administrative hearing under the inapplicable provisions of the *Common Chapters Manual*.[8] We remand this matter to the Board of Review so that it may direct the Department to provide notice to Karla M. of all maltreatment substantiations against her in its records that prevent her from being

---

[6] "Every final order or decision rendered by any agency in a contested case shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law." *Id*.

[7] We note that the notice requirements for maltreatment substantiations vary depending on whether the substantiation is adjudicated, results in a felony conviction, or if it occurred before or after July 1, 2021. For non-adjudicated substantiations such as is indicated on Karla M.'s request form, the rights and obligations of the parties are described in West Virginia Code of State Rules §§ 78-27-4 and -5. However, these rules were not effective until July 1, 2021, after Karla M. made and allegedly "abandoned" her first request for an administrative hearing in 2019.

[8] We do not reach the merits of Karla M.'s argument that the substantiation she seeks to remove should be administratively sealed, or that such a sealing would permit her to be considered for kinship placement of her grandchildren. Because the record regarding the substantiation(s) at issue is unclear, we cannot determine whether the provisions of West Virginia Code § 49-4-601b(d) are applicable. Accordingly, we decline to further interpret the effect of this statutory language, if any, on possible kinship placement. However, nothing in this decision is intended to prevent the parties from considering these issues on remand.

approved as a foster parent/kinship care placement,[9] and allow her to request and receive a copy of her file at no charge, per West Virginia Code of State Rules § 78-27-5.3.3. Thereafter, the Board of Review is instructed to conduct a hearing on all such maltreatment substantiations in accordance with West Virginia Code § 29A-5-1 to -5, and West Virginia Code of State Rules § 69-1-1 to -10, and to issue a decision containing findings of fact and conclusions of law sufficient for judicial review, should it be necessary.

Accordingly, we reverse the Board of Review's July 26, 2024, dismissal order, and remand this case for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[9] Per West Virginia Code of State Rules § 78-27-5.2, the notice should contain the following information regarding the maltreatment substantiation(s):

5.2.1. The name of the child the maltreater was found to have abused or neglected;
5.2.2. The place(s) where the abuse and neglect occurred; and
5.2.3. The date(s) on which the abuse or neglect occurred.

6